## Packerman v. Shuster.

*Charles Salkind,* for demurrer; *Jacob Hoffman,* contra.

SMITH, J., Nov. 18, 1929.—This action arose from an affidavit of defense raising a question of law. A statement of claim in *assumpsit* was filed by the plaintiff, averring that there is due and owing to him by the defendant the sum of $500 for procuring for the daughter of the defendant a young man inclined towards matrimony and the subsequent harmonizing by him of their relations until the affair was consummated in an engagement to marry.

The affidavit of defense raising questions of law alleges that such a contract is illegal, as opposed to public policy.

What was the object of this contract? To procure the engagement to marry between the daughter of the defendant and a young man named Hyman Cohen.

Marriage is understood to be the free and voluntary union of one man and one woman to the exclusion of all others. It is essential that the union be voluntary or free from the power of influence brought to bear upon either of the parties by some more experienced or powerful will.

One seeking to bring about this status actuated by the taint of money payment for his services might well be expected to so exert his will to overwhelm and negative any voluntary action of any more inexperienced person then under his influence. It matters not if the plaintiff avers that the promise of payment came from the father of the young woman concerned. Marriage is too sacred a relation to be touched by the sordid influences that so often attend the considerations of more material contracts.

The House of Lords at an early date declared marriage brokers' contracts to be opposed to public policy. Common logic tells us that such a contract is opposed to morality. The object of such a contract is, therefore, illegal and as such cannot be enforced.

There seems to be no case in the law books of this Commonwealth upon this question. Many of the other states, however, have decided it in accord with the declaration of the House of Lords.

718

In Duval *v.* Wellman, 124 N. Y. 156, Mr. Justice Brown said: "It seems that the business of promoting marriages is against the policy of the law and public interest, and the courts will aid a party who has patronized such a business by relieving him or her from all contracts made and will grant restitution of any money paid or property transferred."

The affidavit of defense raising questions of law is sustained.